IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | | |
|---|---|---|
| DAWN GUTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

*US DISTRICT COURT WESTERN DIST ARKANSAS FILED JUL 1 2 2017 DOUGLAS F. YOUNG, Clerk By ___ Deputy Clerk*

## COMPLAINT

NOW COMES the plaintiff, DAWN GUTERMAN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, PROFESSIONAL CREDIT MANAGEMENT, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DAWN GUTERMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Omaha, County of Boone, State of Arkansas.

The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Arkansas Orthopedics and Sports Medicine (hereinafter, "the Debt").

5. The Debt was for a medical procedure which was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. PROFESSIONAL CREDIT MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of Arkansas. Defendant is incorporated in the State of Arkansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

13. In November of 2014, Plaintiff required a surgical procedure, and was insured under a plan through an insurance policy that she purchased.

14. Prior to the procedure being performed, Plaintiff made multiple inquiries with the medical provider to assure that the surgeon was a provider within her insurance plan, so that her insurance carrier would provide payment for the services.

15. Plaintiff was reassured multiple times that the surgeon was within her insurance plan.

16. Based upon the representations of the medical provider, Plaintiff agreed to have the procedure performed by the doctor that was assured to be covered in her plan.

17. One week after Plaintiff's procedure, Plaintiff's daughter became injured and similarly required a surgical procedure. As Plaintiff provided coverage for her daughter, it was determined that the same surgeon could perform the surgery on Plaintiff's daughter.

18. After Plaintiff's daughter had the surgical procedure performed, Plaintiff was advised by the medical provider that they were actually not part of Plaintiff's insurance plan and would not be covered to the extend originally promised.

19. As a result of this misrepresentation, Plaintiff then and there incurred two medical bills from the aforesaid provider.

20. The aforesaid provider agreed to compensate Plaintiff for her surgery, but refused to provide any assistance for her daughter.

21. Plaintiff paid the out of pocket portion that she would have been required to pay for both her and her daughter had the medical provider's representations been true, and disputed the remainder of the bill.

22. In March of 2017, Plaintiff wrote correspondence to Defendant disputing the Debt.

23. Defendant received Plaintiff's two letters of dispute regarding the Debt on March 9, 2017, and April 4, 2017.

24. Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

25. Despite receiving Plaintiff's notification that she disputed the debt and the explanation for why she disputes that this debt is owed, Defendant sent credit information to one or more consumer reporting agencies, as described above, on or about May 2, 2017.

26. On May 2, 2017, in sending credit information to one or more credit reporting agencies, Defendant reported that Plaintiff owed the entire balance, and failed to report that the debt was a disputed debt, despite having knowledge that it was disputed.

27. In its attempts to collect the debt allegedly owed by Plaintiff to Arkansas Orthopedics and Sports Medicine, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

29.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAWN GUTERMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Plaintiff's attorneys' fees and costs;

    d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DAWN GUTERMAN**

By: _____
Larry P. Smith
Attorney for Plaintiff

Dated: June 29, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:       lsmith@smithmarco.com